**John S. WERTZ, Appellant,**

v.

**BROWN & ROOT, INC., Raymond International, Inc., Walsh Construction Co., Appellees.**

**No. 16818.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 6, 1962.

Decided March 7, 1963.

Petition for Rehearing Denied April 12, 1963.

Mr. William P. Helm, Silver Springs, Md., with whom Mr. Harvey C. Beavers, Washington, D. C., was on the brief, for appellant.

Mr. John W. Jackson, Washington, D. C., with whom Mr. Thomas S. Jackson, Washington, D. C., was on the brief, for appellees. Messrs. Robert M. Gray and Francis L. Young, Jr., Washington, also entered appearances for appellees.

Before EDGERTON and BURGER, Circuit Judges, and BELL, Circuit Judge for the Fourth Circuit.*

PER CURIAM.

Summary judgment was granted to appellees in the District Court. The diverse claims in appellant's complaint appear to grow out of a written employment contract or contracts for work to be performed by appellant for appellees who are general contractors. The work

* Sitting by designation pursuant to Sec. 291(a), Title 28 U.S.Code.

was to be performed at Rota, Spain. The complaint is a confused recital of contract claims, personal injury claims, overtime pay claims, false arrest claims stemming from criminal charges, including rape, brought against appellant in Spain, and claims for conversion of appellant's automobile.

Appellees' position is that the claim for breach of contract is barred by provisions of the employment contract requiring appellant to give notice of claim within 60 days and providing that no oral modification of the contract would be binding. Our examination of the confused complaint and the confused record for which appellant alone is responsible leads us to the conclusion that it is virtually impossible to determine whether a genuine issue of fact appears. Giving the pleader the wide latitude the Rules allow, an issue of fact may be whether the provisions of the contract which would allegedly bar appellant's recovery were waived by the appellees.

 This case presents a glaring example of the undue burdens which badly drawn pleadings place on the District Court when it is confronted with a motion to dismiss or for other summary disposition. These pleadings were drafted by officers of the courts[1] and these officers being licensed to practice, the courts are not without some responsibility to the public. We are therefore constrained to remand for further proceedings. It is within the discretion of the District Court to defer consideration of appellant's claims until appellant files a coherent, intelligible complaint which can then be the subject of further consideration. In view of the undue burden placed on appellees as well as the court, appellant will bear his own costs on this appeal and will pay appellees' costs on appeal. Should appellant fail to present an adequate amended complaint within a time fixed by the District Court, it is also within the court's discretion to dismiss the complaint. District Judges are sufficiently burdened without being required to deal with so slovenly a complaint as was presented here.

Judgment vacated and case remanded for further action in conformity with this opinion.

---

1. Counsel who argued the case in this court had no responsibility for preparing the complaint.